**In re FIRSTCORP, INC., Debtor.**

**FIRSTCORP, INC., Plaintiff–Appellee,**

**v.**

**OFFICE OF THRIFT SUPERVISION, Defendant–Appellant.**

**No. 91–180–CIV–5–BR.**

United States District Court, E.D. North Carolina, Raleigh Division.

July 12, 1991.

R.A. Renfer, Jr., Asst. U.S. Atty., Raleigh, N.C., for defendant-appellant.

James L. Stuart, Mark D. Martin, McNair Law Firm, Raleigh, N.C., for intervenor-plaintiff.

Lacy Hill Reaves, Raleigh, N.C., for plaintiff-appellee.

### ORDER

BRITT, District Judge.

This matter is before the court on the Office of Thrift Supervision's ("OTS") appeal of a bankruptcy court order entered by Judge A. Thomas Small on 18 December 1990. 122 B.R. 484. The matter has been fully briefed and a hearing was held on 11 July 1991. The court is now ready to rule.

## I. *Facts*

Firstcorp is a Delaware corporation authorized to do business in North Carolina as a savings-and-loan holding company. Firstcorp owns all of the stock of two savings-and-loans, First Federal of Raleigh ("FF–Raleigh") and First Federal of Durham ("FF–Durham"). Firstcorp acquired FF–Raleigh in 1985. The acquisition was approved by the Federal Home Loan Bank Board ("FHLBB"). In accordance with FHLBB's approving resolution, Firstcorp is required to maintain defined capital requirements in FF–Raleigh and to infuse additional equity capital if necessary.

Also in 1985, Firstcorp issued convertible subordinated debentures in the principal amount of $15.5 million. Interest on the debentures is payable quarterly and they mature in 2005. Firstcorp lent $13.4 million of the offering proceeds to FF–Raleigh in exchange for FF–Raleigh's issuance of unsecured capital notes to Firstcorp. These notes and the stock of FF–Raleigh now constitute substantially all of Firstcorp's assets. On 30 June and 30 September 1990, Firstcorp failed to make its required quarterly interest payments on the debentures and the trustee accelerated the obligation.

On 30 November 1990, OTS served Firstcorp with a "Notice of Charges and Hearing" and a "Temporary Order to Cease and Desist" ("temporary C & D"). The notice, which commenced an administrative proceeding pursuant to 12 U.S.C. § 1818(b), charged Firstcorp with an "unsafe and unsound practice" for failing to comply with the terms of the FHLBB resolution. It alleged that Firstcorp failed to fulfill its capital maintenance obligation of $45 million as of 30 September 1990. A hearing before an administrative law judge was to be scheduled on or before 29 January 1991. The temporary C & D ordered Firstcorp 1) not to directly or indirectly engage in transactions with FF–Raleigh or FF–Durham without prior approval from OTS; 2) to extinguish the capital note from FF–Raleigh; 3) not to transfer or pledge its assets without OTS approval; 4) to transfer its ownership interest in FF–Durham to FF–Raleigh; and 5) to use its best efforts to fulfill FF–Raleigh's capital requirements.

On 4 December 1990, Firstcorp filed a complaint in this federal district court, No. 90–721–CIV–5–BO, seeking to enjoin the OTS action. The following day, it filed its chapter 11 petition in bankruptcy court which sought an order confirming the applicability of the Bankruptcy Code's automatic-stay provision to the temporary C & D and to further OTS proceedings under the notice. Shortly thereafter, Firstcorp initiated an adversary proceeding in bankruptcy court against OTS for an injunction enjoining the temporary C & D and the proceedings under the notice. On 7 December 1990, OTS appointed the Resolution Trust Corporation ("RTC") as receiver for FF–Raleigh. FF–Raleigh's assets were transferred to a new institution, "First Federal Savings Association of Raleigh," for which RTC serves as the OTS-appointed conservator.

After filing its bankruptcy petition, Firstcorp moved for and received a stay on its district court action. Bankruptcy Judge A. Thomas Small ruled that the automatic-stay provision does apply and therefore stayed both the OTS temporary C & D—except for those provisions relating to OTS's regulation of FF–Durham—and administrative proceedings under the notice. It is from this order that OTS now appeals.

## II. *Discussion*

OTS's first argument, and the only one the court finds necessary to address, is that 12 U.S.C. § 1818(i)(1) deprived the bankruptcy court, and this court for that matter, of original jurisdiction to hear Firstcorp's challenge to OTS's actions. That statute provides in pertinent part:

> [E]xcept as otherwise provided in this section *no court shall have jurisdiction* to affect by injunction or otherwise the issuance or enforcement of any notice or order under this section, or to review, modify, suspend, terminate, or set aside any such notice or order.

*Id.* (emphasis added). It is not disputed that the relief sought by Firstcorp in the bankruptcy court would "affect by injunction or otherwise the issuance or enforce-

ment" of both a notice and an order issued pursuant to § 1818. Moreover, Firstcorp does not argue that any other provision of § 1818 negates § 1818(i)(1)'s jurisdictional bar in this case.

 Except in extraordinary circumstances, judicial inquiry is complete upon a finding that a statute is unambiguous. *Rubin v. United States*, 449 U.S. 424, 430, 101 S.Ct. 698, 701, 66 L.Ed.2d 633 (1981). The court finds that § 1818(i)(1) is unambiguous—it deprives this court, and it deprived the bankruptcy court, of original jurisdiction to hear this matter. No extraordinary circumstances require the court to look past the statute's plain meaning.

Judge Small, in his order, found § 1818 to be in conflict with 28 U.S.C. § 1334(d) and 11 U.S.C. § 362(a)(3). The former provides that the district court (and bankruptcy court) "shall have exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of [a chapter 11] case, and of property of the estate." 28 U.S.C. § 1334(d). The latter provides for an automatic stay of any act to obtain possession of or control over the property of the bankrupt estate. 11 U.S.C. § 362(a)(3). The bankruptcy court attempted to "harmonize" the apparently conflicting statutes and concluded that the bankruptcy statutes were not nullified by § 1818 to the extent that OTS was attempting to seize control of Firstcorp's property.

The court concludes that the bankruptcy court's statutory construction was in error. There is no conflict between 12 U.S.C. § 1818(i)(1) on the one hand and 28 U.S.C. § 1334(d) and 11 U.S.C. § 362(a)(3) on the other. Although § 1334(d) grants the district court—and, by referral, the bankruptcy court—exclusive jurisdiction over the property of the bankrupt estate, § 1818(i)(1) *withdraws* that jurisdiction to the extent a party attempts "to affect" a banking regulatory authority's enforcement of any notice or order which § 1818 grants it the authority to issue. Unless OTS's administrative actions exceeded the authority vested in it by virtue of § 1818,

the bankruptcy court was deprived of jurisdiction "to affect" such actions. 12 U.S.C. § 1818(i)(1); *see MCorp Financial, Inc. v. Board of Governors Federal Reserve System*, 900 F.2d 852, 857 (5th Cir.1990), *cert. granted*, —— U.S. ——, 111 S.Ct. 1101, 113 L.Ed.2d 212 (1991). Firstcorp cannot seriously challenge OTS's authority to pursue the underlying administrative actions. Therefore, the bankruptcy court had no authority to enter a stay of those actions under 11 U.S.C. § 362(a)(3). Consequently, the bankruptcy court's order is void.

Having found that the bankruptcy court did not have original jurisdiction over the matter, the court sees no reason to address OTS's alternative arguments on appeal.

### III. *Conclusion*

For the foregoing reasons, the order of the bankruptcy court dated 18 December 1990 is hereby REVERSED and this matter is remanded to the bankruptcy court for further proceedings consistent with this order.